IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GENESIS HEALTH CLUBS, INC. as a/a/o The Athletic Clubs by True Fit, LLC, and DKM Data Consulting, LLC,

Plaintiff,

v.

UNION INSURANCE COMPANY

Defendant.

Case No.

**UNION INSURANCE COMPANY'S NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

Please take notice that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Union Insurance Company ("Union") hereby removes Case No. 2022-CV-01401 from the District Court, County of Johnson, State of Kansas, to the United States District Court for the District of Kansas. In support of this removal, Union states as follows:

**BACKGROUND**

Plaintiff Genesis Health Clubs, Inc., as a/a/o The Athletic Clubs by True Fit, LLC, and DKM Data Consulting, LLC ("Plaintiff") commenced this action by filing a Complaint and Jury Demand on March 25, 2022, and an Amended Complaint and Jury Demand on June 23, 2022 ("Amended Complaint") in the District Court, County of Johnson, State of Kansas, captioned *Genesis Health Clubs, Inc. v. Union Insurance Company,* Case No. 22CV01401 (the "State Court

Action"). (*See* Pl's Amended Complaint, attached as **Exhibit A**.) Plaintiff served the Amended Complaint and Summons on Union on June 23rd, 2022.

Plaintiff seeks benefits for loss related to its commercial property located at 13655 South Alden Street, Olathe, Kansas 66062 that occurred on March 27, 2020. (Amended Complaint ¶ 18.) Plaintiff submitted a Sworn Statement in Proof of Loss to Union totaling $365,551.60 for replacement costs and an actual cash value of $281,034.79. (*Id.* ¶ 27.) Plaintiff alleges that they are entitled to all benefits due and owing under the policy. (*Id.* ¶ 63.) For relief, Plaintiff alleges damages in excess of $75,000, compensatory damages, consequential damages, attorney fees, and costs. (*Id.* at ¶ 65.)

The State Court Action is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Union has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as set forth more fully below.

## GROUNDS FOR REMOVAL

### I. TIMELINESS

Pursuant to 28 U.S.C. § 1446(b)(1), a defendant must remove within 30 days of being served with a Complaint, if the Complaint is removable on its face. Union was served on June 23, 2022, via certified mail. (*See* Summons and Amended Complaint submitted herewith). This Notice of Removal is filed within thirty days of service of the Amended Complaint, and is therefore timely under 28 U.S.C. §§ 1446(b)(1) and (b)(3). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

## II. JURISDICTION

### A. Complete Diversity Exists Between Plaintiff and Defendant

A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the Court questions jurisdiction. *See id.*

#### 1. Plaintiff is a Citizen of the State of Kansas

In analyzing diversity of citizenship, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where is has its principal place of business." 28 U.S.C. § 1332(c)(1). "A removing defendant . . . need only allege facts sufficient to establish a party's citizenship in its notice of removal; it need not adduce evidence supporting those facts." *Zeppeiro v. Green Tree Servicing*, LLC, No. CV 14-01336 MMM (JCx), 2014 WL 12596312, at *6 (C.D. Cal. June 16, 2014)); *see also Kanter*, 265 F.3d at 857 ("at [the removal] stage of the case, the defendants were merely required to allege (not to prove) diversity").

Plaintiff Genesis Health Clubs Inc. is a company organized under the laws of the State of Kansas. (Amended Complaint ¶ 1.) Plaintiff's principal place of business is located in Kansas. (*Id.*); *See also 3123 SMB LLC v. Horn*, 880 F.3d 461, 472 (9th Cir. 2018). Therefore, Plaintiff is a citizen of the State of Kansas.

2. Defendant Union is a Citizen of the State of Iowa

Defendant Union is an insurance company organized under the laws of the State of Iowa, with its principal place of business in Iowa. (Amended Complaint ¶ 3.) *3123 SMB LLC*, 880 F.3d at 472. Thus, Defendant is a citizen of Iowa.

Because the parties are citizens of different states, and Union is not a citizen of Kansas, complete diversity exists and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), 1332(c)(1), 1441; *see also Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) (holding "'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action'" and citing cases in accord).

**B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs**

The Petition's allegations demonstrate that the amount in controversy exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-701 (9th Cir. 2007) (requiring proof that it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum). The burden to plausibly show that the amount in controversy exceeds the jurisdictional threshold is "not daunting," and defendants are "not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Cagle v. C&S Wholesale Grocers, Inc.*, No. 2:13-cv-02134-MCE-KJN, 2014 WL 651923, at *6-7 (E.D. Cal. Feb. 19, 2014); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (estimation of amount in controversy, if not stated

in the complaint, is not an "insurmountable obstacle" and the calculation need not be a "one hundred percent" accurate prediction of possible outcomes).

The amount in controversy calculation "must include all relief to which a plaintiff is entitled if the action succeeds." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018). Thus, every category of damages sought by Plaintiff are properly included in determining the amount in controversy. *Id.* at 793, 794 ("any result of the litigation … that entails a payment by the defendant" is counted, including punitive damages and future attorneys' fees); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (non-economic damages are included).

Based on reasonable estimates of Plaintiff's alleged damages recoverable in this lawsuit, the amount in controversy exceeds $75,000. Plaintiff alleges its damages exceed $281,034.79. (Amended Complaint ¶ 27).

Plaintiff also seeks attorneys' fees pursuant to K.S.A. 40-256. *See Fritsch*, 899 F.3d at 794 ("[W]hen we assess the amount in controversy at the time of removal, we must include all relief to which a plaintiff is entitled if the action succeeds. Accordingly, if the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are 'at stake' in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy.") (internal citations and quotations omitted) (vacating remand order).

Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## VENUE

Venue is proper in the District of Kansas, Kansas City Division, as that District embraces Johnson County where the State Court Action is now pending. *See* 28 U.S.C. §§ 1391, 1441(a). Defendant designates Kansas City as the place of trial pursuant to D. Kan. Rule 81.1.

## PROCESS, PLEADINGS, AND ORDERS SERVED

Pursuant to Fed. R. Civ. P. 81.2, copies of all records and proceedings from the State Court Action will be filed separately with the clerk of the court within 21 days after this notice of removal is filed.

## NOTICE OF REMOVAL

A Notice of Filing of Notice of Removal is being filed contemporaneously with the District Court, County of Johnson, Kansas, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit B**. This Notice of Removal and the Notice of Filing of Notice of Removal will be served upon counsel for Plaintiff.

## NO WAIVER

No waiver and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

## CONCLUSION

For these reasons set forth above, Defendant Union removes this action to the United States District Court for the District of Kansas.

Dated: July 22, 2022

Respectfully submitted,

s/ *Jeremy A. Moseley*

Jeremy A. Moseley, KS# 22179
SPENCER FANE LLP
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
Telephone: 303.839.3800
Facsimile: 303.839.3838
Email: jmoseley@spencerfane.com

Kyle A, Klucas, KS# 71973
SPENCER FANE LLP
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
Telephone: 816.474.8100
Facsimile: 8163.474.3216
Email: kklucas@spencerfane.com

*Attorneys for Defendant, Union Insurance Company*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on July 22, 2022, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and will also serve notification of such filing to all counsel of record to the following email addresses:

- **J. Drew Houghton**
  jhoughton@merlinlawgroup.com

*s/ Jeremy A. Moseley*